IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-447-D

| | | |
|---|---|---|
| WILLIAM C. CLEVENGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On April 19, 2010, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") [D.E. 39]. In that M&R, Judge Webb recommended that the court deny plaintiff's motion for summary judgment [D.E. 8], grant defendant's motion for judgment on the pleadings [D.E. 32], and affirm the final decision of defendant. On April 20, 2010, plaintiff filed objections to the M&R [D.E. 40]. On May 3, 2010, defendant responded in opposition [D.E. 41].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (quotation omitted) (emphasis removed). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Administrative Law Judge ("ALJ") analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff argues that Judge Webb failed to refer to the November 24, 2009 letter of Dr. Barber, who has been plaintiff's primary care physician since 2003. See Pl.'s Obj. 1. Plaintiff also contends that Judge Webb failed to mention the treating physician rule in considering the opinions of Drs. Barber and Carter. Id. at 2.

2

Under the Commissioner's regulations, controlling weight is given to a treating physician's opinion as to the nature and severity of an impairment if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Of course, an ALJ may rely on persuasive contrary evidence to reach a conclusion different that a treating physician. See, e.g., Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (per curiam).

Here, the ALJ cited the governing regulations and explained (at length) why she did not give controlling weight to the opinion of Dr. Carter and Dr. Barber. See ALJ Decision 5–11, R. 580–86. Substantial evidence supports the ALJ's analysis. See id. Moreover, given that the ALJ issued her decision on June 24, 2009, it is not surprising that the ALJ failed to cite or discuss the November 24, 2009 letter from Dr. Barber. Furthermore, Judge Webb was under no obligation to discuss Dr. Barber's November 24, 2009 letter, which was not part of the record before the ALJ. In any event, the letter does not overcome the substantial evidence discussed in the ALJ's decision or in the M&R. See, e.g., Johnson, 434 F.3d at 655.

In sum, the court adopts the M&R [D.E. 39]. Plaintiff's motion for summary judgment [D.E. 8] is DENIED, defendant's motion for judgment on the pleadings [D.E. 32] is GRANTED, and defendant's final decision is AFFIRMED.

SO ORDERED. This 11 day of May 2010.

JAMES C. DEVER III
United States District Judge